UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 15-20376-CIV-MARTINEZ**
**(Bankruptcy Case Number: 11-16703-BKC-LMI)**

In re:

STRATTON C. POLLITZER,

    Debtor.

_____/

STRATTON C. POLLITZER,

    Appellant,

vs.

GUY G. GEBHARDT,
Acting United States Trustee for Region 21,

    Appellee.

_____/

## ORDER AFFIRMING BANKRUPTCY COURT ORDER

THIS CAUSE came before the Court upon Appellant Stratton C. Pollitzer's appeal of the Bankruptcy Court's Order Granting Motion of the United States Trustee to Dismiss Pursuant to 11 U.S.C. § 707(b)(1). For the reasons set forth below, the Bankruptcy Court's order is affirmed.

### I. Background

Appellant filed a Chapter 13 petition on March 14, 2011 (the "Petition Date"). On the Petition Date, Appellant checked the box indicating the nature of the debts were primarily consumer debts, defined in 11 U.S.C. §108 as "incurred by an individual primarily for a personal, family, or household purpose." Appellant filed an Amended Chapter 13 Plan, and on July 27, 2011, the Court entered an Order Confirming Chapter 13 Plan. On November 12, 2013, Appellant filed a Notice of Conversion from Chapter 13 to Chapter 7. On the Statement

of Current Monthly Income and Means-Test Calculation, the Debtor checked the box indicating that the presumption of abuse arises under 11 U.S.C. §707(b), as directed by line 52 of Part VI of Official Form 22A.

Appellee filed a motion to dismiss asserting that Appellant has disposable income of at least $1,500 per month, and can, over a 60 month period, "easily" pay unsecured creditors more than $80,000. Appellee argued that Appellant's case should be dismissed pursuant to 11 U.S.C. §707(b)(1), because Appellant's case is an abuse under the totality of the circumstances under §707(b)(3)(A) and, therefore, Appellant is not entitled to relief under Chapter 7. Appellant countered that Section 707(b)(1) does not apply to cases converted to Chapter 7. The Bankruptcy Court dismissed Appellant's case pursuant to 11 U.S.C. §707(b)(1).

## II. Discussion

A district court reviews "the bankruptcy court's findings of fact for clear error and the court's conclusions of law and mixed questions of law and fact *de novo*." *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1318 (11th Cir. 2015).

The sole issue on appeal is whether the Bankruptcy Court erred in finding that 11 U.S.C. §707(b)(1) applies to a case converted from Chapter 13 to Chapter 7. The Bankruptcy Court noted that this issue arises from the following italicized language in Section 707(b)(1), which provides, in pertinent part:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, ***may dismiss a case filed by an individual debtor under this chapter*** whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. §707(b)(1) (emphasis added). The Bankruptcy Court further observed that there is a

-2-

split of authority regarding whether Section 707(b) applies to cases that are converted to Chapter 7. Courts disagree about what the "dominant" phrase is: "a case filed. . . under this chapter" by an individual debtor, or, "a case . . . under this chapter" filed by an individual debtor. *Compare In re Davis*, 489 B.R. 478 (Bankr. S.D. Ga. 2013) (section 707(b) applies in a converted case) *with In re Layton*, 480 B.R. 392 (Bankr. M.D. Fla. 2012) (section 707(b) does not apply in a converted case). The Bankruptcy Court ultimately agreed with the reasoning in *In re Davis* and rejected the reasoning in *In re Layton*.

The Court agrees with the Bankruptcy Court's analysis that 11 U.S.C. §707(b)(1) applies to a case converted from Chapter 13 to a Chapter 7. While there does not appear to be an Eleventh Circuit case that has addressed the issue, the Eighth Circuit arrived at the same conclusion as the Bankruptcy Court in this case. *See Advanced Control Sols., Inc. v. Justice*, 639 F.3d 838, 840 (8th Cir. 2011) ("§ 707(b)(1) applies with equal force to bankruptcy proceedings that commenced under Chapter 7 as with those converted from Chapter 13.").

### III. Conclusion

After careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. The Bankruptcy Court's Order Granting Motion of the United States Trustee to Dismiss Pursuant to 11 U.S.C. § 707(b)(1) is **AFFIRMED**.

2. This case is **CLOSED**, and all pending motions are **DENIED as MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 22 day of March, 2016.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record